UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.R., a minor, by his Next Friend and mother,
MARKIKA TIPTON; and MARKIKA TIPTON,
individually,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendants.

Case No. 12-12423

Honorable John Corbett O'Meara

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter came before the court on Plaintiffs' February 21, 2013 motion for default judgment. The government filed a response March 14, 2013; and Plaintiff filed a reply March 25, 2013. Oral argument was heard April 18, 2013.

### BACKGROUND FACTS

Plaintiff C.R., by his next friend and mother Markika Tipton, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that a medical doctor employed by a federally-funded health care facility breached the standard of care in the treatment of Tipton during her pregnancy and that plaintiff C.R. suffered damages as a result.

Plaintiff's motion is brought under Rule 55(d) of the Federal Rules of Civil Procedure, which sets forth the standard for obtaining a default judgment against the United States. However, Plaintiff has failed to move for entry of default under Rule 55(a), a prerequisite to seeking a default judgment under Rule 55(b)(1) or (b)(2); and no default has been entered under Rule 55(a) in this case.

As an initial matter, the defendant has not failed to plead or otherwise defend this action. Plaintiff, however, contends that the government's failure to file an affidavit of meritorious defense, which is required by Mich. Comp. Laws § 600.2912e, constitutes grounds for default against it.

The government argues that it is not required to file such an affidavit in a FTCA case. Regardless of whether or not it is required, the government claims it offered to file an affidavit and Plaintiffs' counsel refused it. Instead, counsel filed this motion for default. Because of the heightened standard in granting a default against the government, the court will not grant one under the facts presented here. Moreover, the Assistant U.S. Attorney has assured the court that the affidavit can be filed in a very short period of time.

In the alternative, Plaintiffs suggest that an appropriate sanction against the government would be precluding it from presenting testimony from retained medical experts. However, there has been no prejudice to Plaintiffs for the government's failure to produce the affidavit thus far. Under the Michigan statute, a defendant has 91 days to file it. In this case, the affidavit should have been submitted November 20, 2012; however, Plaintiffs did not file this motion for default until February 21, 2013, three months after the deadline. There being no prejudice to Plaintiffs, the court will not sanction the government for its late filing.

## ORDER

It is hereby **ORDERED** that Plaintiffs' February 21, 2013 motion for default judgment is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: June 19, 2013

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 19, 2013, using the ECF system.

                              s/William Barkholz
                              Case Manager